PHILLIP A. TALBERT
Acting United States Attorney
AARON D. PENNEKAMP
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00033-TLN |
| Plaintiff, | STIPULATION CONTINUING STATUS CONFERENCE; STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| ANDRE PARKER, | DATE: April 15, 2021 TIME: 9:30 a.m. |
| Defendant. | COURT: Hon. Troy L. Nunley |

This case is set for a status conference on April 15, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice," and allows district judges to exercise their discretion to continue all criminal matters on a case-by-case basis. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767–68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules. In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1.     By previous order, this matter was set for a status conference on April 15, 2021.

2.     By this stipulation, defendant now moves to continue the status conference until May 13, 2021, at 9:30 a.m..  Moreover, defendant separately moves to exclude time between April 15, 2021, and May 13, 2021, at 9:30 a.m., under 18 U.S.C. § 3161(h)(7) and Local Code T4.

3.     Regarding this Local Code T4 motion, the parties agree and stipulate, and request that the Court find the following:

a)     The government has represented that the discovery associated with this case includes police reports, documents related to the defendant's criminal history, and other paper discovery.  The discovery in this case also includes several video and audio files related to the defendant's arrest, including body camera footage from each of the responding police officers.  All of this discovery has been produced to defendant's counsel.

b)     Defense counsel desires additional time to review the discovery, conduct additional research into this case, discuss the case with his client, and otherwise prepare the defendant's defense in this matter.  Specifically, defense counsel has proffered that he has engaged an investigator to conduct a "deep dive" into the defendant's background, including seeking and obtaining medical reports, reports related to defendant's mental health, and other documents and information necessary to defendant's case.  Defense counsel requests additional time to review documents uncovered as part of that investigation, to discuss this investigation with defendant, to discuss the documents found as part of that investigation with counsel for the government, and to discuss possible resolutions of this case with his client.

c)     Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)     The government does not object to the continuance.

e)     Finally, in addition to the general public-health concerns cited by, among other documents, General Order Nos. 611, 612, 617, and 618, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel and their support staff have been encouraged to telework and minimize personal contact with non-family

members to the greatest extent possible, and—consistent with that public-health guidance—it has been difficult for defense counsel and/or his investigator to adequately investigate the factual circumstances underlying defendant's case.

f)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 15, 2021 to May 13, 2021, at 9:30 a.m., inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 13, 2021

PHILLIP A. TALBERT
Acting United States Attorney


/s/ AARON D. PENNEKAMP
AARON D. PENNEKAMP
Assistant United States Attorney


Dated:  April 13, 2021

/s/ TIMOTHY ZINDEL
TIMOTHY ZINDEL
Counsel for Defendant
ANDRE PARKER

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 13th day of April, 2021.

_____
Troy L. Nunley
United States District Judge